UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EULISES DE JESUS RODRIGUEZ VENTURA,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION CENTER,

Respondent.

No. 1:26-cv-09143-DAD-SCR (HC)

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

(Doc. No. 3)

On November 5, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for temporary restraining order (Doc. No. 3), and a motion to appoint counsel (Doc. No. 4). On November 6, 2026, the court set a briefing schedule on the pending motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.)

On November 9, 2026, respondent filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 8.) In that opposition, respondent failed to distinguish this case from any of the cases cited in the court's November 6, 2026 order. (*Id.*) Instead, respondent argues

that petitioner is subject to detention under 8 U.S.C. § 1226(a), but that his petition should be denied because petitioner has not yet requested an individualized bond determination before the immigration court or prudentially exhausted his administrative remedies. (*Id.* at 2–4.)

Based upon the parties' submissions, the court finds the following facts. Petitioner is a native and citizen of Mexico who last entered the United States on or about December 7, 2015, at Laredo, Texas with a valid, unexpired H-2A nonimmigrant visa. (Doc. No. 8-1 at 5–7.) On or about July 30, 2026, petitioner was *first* encountered by immigration agents following his arrest on criminal charges in the State of Florida. (Doc. No. 8-1 at 1–4.) On that same date, petitioner was arrested and detained by immigration officers and removal proceedings were commenced. (*Id.*; Doc. 8-2 at 5–7.) Petitioner was also served with a warrant for arrest (Form I-200) and a notice of custody determination (Form I-286). (Doc. No. 8-1 at 8–10.)

The court finds that petitioner has not yet exhausted his administrative remedies with regard to respondent's determination that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) because he has not yet requested a bond redetermination hearing before an immigration judge or availed himself of such procedures to determine his custody. *See e.g., Matter of Joseph,* 22 I. & N. Dec. 799 (B.I.A. 1999). The court finds analogous and persuasive, and incorporates herein, its prior analysis in *Buckley v. Chestnut,* No. 1:26-cv-02624-DAD-JDP, 2026 WL 1030931, at *2–4 (E.D. Cal. Apr. 16, 2026), where the court declined to waive the prudential exhaustion requirements because petitioner's appeal of his bond hearing remained pending. *See also Cesar G.R. v. Warden, California City Det. Facility*, No. 1:26-CV-04231-MWJS, 2026 WL 1765351 (E.D. Cal. June 18, 2026) (holding that habeas claim was premature because petitioner had failed to request a custody redetermination). Here, there are outstanding factual issues that can best be resolved before an immigration judge through custody redetermination procedures already available to petitioner. 8 C.F.R. § 1003.19(b). Additionally, petitioner has not demonstrated that the bond appellate process is somehow inadequate, futile, or that irreparable injury would result here so as to waive the prudential exhaustion requirement. *Leonardo v. Crawford,* 646 F.3d 1157, 1160–61 (9th Cir. 2011); *Puga v. Chertoff,*488 F.3d 812, 815–16 (9th Cir. 2007); *Laing v. Ashcroft,* 370 F.3d 994, 1000–01 (9th Cir. 2004).

As to petitioner's argument that his due process rights were violated when he was detained without notice or opportunity to be heard, the court finds that this argument lacks merit insofar as petitioner was provided with a warrant for arrest (Form I-200) and notice of custody determination (Form I-286). *See e.g., Medina Soto v. Robbins*, No. 1:25-cv-01954-KES-SKO (HC), 2026 WL 657702, at *3 (E.D. Cal. Mar. 9, 2026). There is no indication that petitioner was previously detained and released by immigration authorities prior to July 30, 2026. Finally, petitioner has failed to provide any other basis upon which to find that his detention is unauthorized or otherwise violates due process. (*Id.)* Therefore, the Court will deny petitioner's motion for temporary restraining order.

For the reasons stated above,

1. Petitioner's motion for temporary restraining order (Doc. No. 3) is DENIED without prejudice to its renewal by way of a motion for preliminary relief following a custody redetermination hearing;
2. The pending petition for writ of *habeas corpus* (Doc. No. 1) is REFERRED to Magistrate Judge Sean C. Riordan for further proceedings.

IT IS SO ORDERED.

Dated: **November 20, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE